IRVING FOGELMAN and Another, Plaintiffs, *v.* ROSE SCHERER and Another, as Administratrix, etc., of MOSES SCHERER, Deceased, and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Tenth District, July 17, 1933.

*Leonard A. Carlin*, for the plaintiffs.

*Harold M. Phillips*, for the defendant Rose Scherer.

WATSON, J. On June 5, 1933, a jury rendered a verdict in favor of the plaintiffs against defendant Rose Scherer in the sum of twenty-five dollars, after trial, and against defendant Philip Morison in the same amount, after inquest.

Thereafter separate judgments were entered. The judgment entered against Rose Scherer included disbursements of twenty-one dollars and fifty cents as taxed by the clerk, composed of items for service and filing of summonses, witnesses' fees, prospective marshal's fee and a further item of ten dollars pursuant to section 1504 of the Civil Practice Act for taking the deposition of defendant Scherer as an adverse party before trial.

The defendant Scherer now moves to review the clerk's taxation of costs and to strike from the judgment the disbursements of twenty-one dollars and fifty cents. She contends that inasmuch as the judgment upon which the costs and disbursements are based did not amount to or exceed the sum of fifty dollars, plaintiffs were not entitled to allowances either under section 164 or section 170 of the Municipal Court Code.

Her position, briefly, is that since section 170 specifically provides for the allowance of necessary disbursements only to " a party to whom costs are awarded," plaintiffs may not be allowed their necessary disbursements, even though they are prevailing parties, for they did not obtain costs under section 164.

Section 164 of the Municipal Court Code provides: " In all actions there shall be allowed to the prevailing party, if he shall have shown that he has appeared by attorney, the *following* sums as *costs*."

There is nothing in that provision which limits allowance of the costs enumerated in that section to a judgment in the sum of fifty dollars or over. If a plaintiff recovers but one dollar he is still entitled to one of the items of costs detailed in the subdivisions of

section 164. Concededly, should a plaintiff desire to tax costs in any of the amounts mentioned in subdivision 1 of that section, he must prove that his judgment is fifty dollars or over. But the allowance of costs under subdivision 4 of that section is not limited to a judgment in any particular amount; to be entitled thereto plaintiff need only show that he was the prevailing party and that he appeared by an attorney. It follows, therefore, that if plaintiff is entitled to any one of items 1, 2, 3, 4, 5 and 6 of section 164, he obtains costs necessary to bring him within the purview of section 170 of the Municipal Court Code, thus entitling him to allowance for his necessary disbursements.

Plaintiff contends that the item of ten dollars as costs under paragraph h of subdivision 3 of section 1504 of the Civil Practice Act, "for taking the deposition in a court of record of a witness or of a party or of a person who expects to be a party," is a proper charge under subdivision 6 of section 170 of the Municipal Court Code. I find no reason or authority for translating into the section of the Municipal Court Code governing disbursements items expressly enumerated as costs in the Civil Practice Act. An "expense" under this section and subdivision does not contemplate the inclusion of an expressly enumerated cost under the Civil Practice Act. Moreover, an "expense" is an indefinite amount requiring proof. The item of ten dollars, sought to be taxed by plaintiff, is definite and needs no proof. Taxation of this item was, therefore, erroneous. Plaintiffs are, however, entitled to the other items as taxed.

An order will be entered directing the clerk to retax the costs by eliminating only the item of ten dollars under section 1504 of the Civil Practice Act, for taking the deposition of defendant Rose Scherer before trial and to correct the judgment accordingly.